IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CLEVELAND GARNER, # N-33258** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-900-SMY |
| | ) | |
| **VIPIN K. SHAH,** | ) | |
| **HARDY MARCOUS,** | ) | |
| **MARY MILLER,** | ) | |
| **M. ROBBINS,** | ) | |
| **and BLAKE WOODS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for review of Plaintiff's First Amended Complaint (Docs. 9 & 9-1) pursuant to 28 U.S.C. § 1915A.  The original Complaint was dismissed for failure to state a claim upon which relief may be granted (Doc. 7).

Initially, it is notable that Plaintiff omitted two of the original Defendants (Gina Allen and Nurse Lindasay) from the parties named in the First Amended Complaint.  Plaintiff has therefore abandoned his claims against them and they have been terminated as parties to this action.

Plaintiff added three new Defendants:  Mary Miller (a nurse at Danville Correctional Center), M. Robbins (Danville grievance officer), and Blake Woods (nurse practitioner at Shawnee Correctional Center).  He has clarified that Defendant Shah is a physician at Pinckneyville Correctional Center who was also employed at Western Illinois Correctional Center (Doc. 9-1, p. 5).  Defendant Hardy Marcous is or was the warden at Stateville

Correctional Center.

## The Amended Complaint

Plaintiff filed his Amended Complaint on October 21, 2015 (Doc. 9). Thereafter, on October 29, 2015 he submitted an exhibit (Doc. 10), followed by another exhibit (Doc. 11) filed on November 2, 2015. Some of the material in these documents repeats allegations in the Amended Complaint, but other statements attempt to add claims and/or parties to the Amended Complaint in a piecemeal fashion. This is not permitted. If Plaintiff wishes to further amend his complaint, he must do so by submitting a complete document, that will stand on its own and replace the operative complaint in its entirety. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Accordingly, the exhibits at Docs. 10 and 11 shall not be considered as part of the Amended Complaint.

The First Amended Complaint (Doc. 9) is somewhat disjointed. The following summary attempts to present Plaintiff's allegations in chronological order. Plaintiff alleges that since 2006, he has suffered from diabetes as well as nerve and muscle damage which causes muscle spasms, pain and numbness in his arms, legs and back (Doc. 9, p. 5-7; Doc. 9-1, pp. 1-7). At various times, he has sought treatment from medical staff at Stateville, Pinckneyville, Western Illinois, Danville and Shawnee Correctional Centers during his lengthy incarceration.

Plaintiff was housed at Stateville from 2008 to 2011 where Defendant Hardy Marcous was the warden (Doc. 9-1, p. 2). Plaintiff gives no detail about what occurred there other than the general claim that his need for medical treatment was dismissed (Doc. 9-1, p. 5).

Plaintiff was in Western Illinois C.C. in 2011 and 2012 and apparently was seen there by Defendant Shah. He notes that Defendant Shah was employed at Pinckneyville C.C. in 2013 (Doc. 9-1, p. 5). In November 2013, Dr. Shah allegedly ignored Plaintiff's nerve and muscle

pain, telling him that he is diabetic and merely needed to lose weight. Plaintiff told him about his muscle spasms, pain and the nerve condition affecting his arms and legs, but Defendant Shah offered no treatment for these problems (Doc. 9, pp. 5, 7).

Plaintiff was next housed at Danville C.C. (Doc. 9-1, p. 5). In May 2015, Defendant Miller denied his grievance after Danville staff turned down his request to be referred to an outside hospital (Doc. 9, p. 6; Doc. 9-1, pp. 1, 5). Defendant Robbins had recommended denial of the grievance, noting Plaintiff was given Ibuprofen and exercises for his back and did not need to go to an outside doctor (Doc. 9-1, pp. 2, 6).

After Danville, Plaintiff was moved to Shawnee C.C. where he was located when he filed this action. His allegations against Defendant Blake Woods include that in July 2015, he told Plaintiff he would have to make three visits to the health care unit before he would be referred to the doctor (Doc. 9-1, p. 4). Plaintiff complained that his condition was so bad, he could not get out of his bunk to go to the chow hall. The pain in his arms, legs, neck and head was so severe that Tylenol and aspirin did not help. Defendant Woods (who Plaintiff refers to as "Defendant Blake") responded that "these are the rule[s] here." *Id*. Plaintiff filed a grievance.

As relief, Plaintiff seeks compensatory damages and an order directing the Illinois Department of Corrections to treat his medical conditions (Doc. 9, p. 7).

## Discussion

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any

other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment claim against Defendant Hardy Marcous, for deliberate indifference to Plaintiff's medical condition during his incarceration at Stateville C.C.;
>
> **Count 2:** Eighth Amendment claim against Defendants Miller and Robbins, for deliberate indifference to Plaintiff's medical condition during his incarceration at Danville C.C.;
>
> **Count 3:** Eighth Amendment claim against Defendant Shah, for deliberate indifference to Plaintiff's medical condition during his incarceration at Western Illinois C.C. and Pinckneyville C.C.;
>
> **Count 4:** Eighth Amendment claim against Defendant Woods, for deliberate indifference to Plaintiff's medical condition during his incarceration at Shawnee C.C.

In the order which dismissed Plaintiff's original Complaint, the Court observed that Plaintiff may have brought his claims in the wrong district. Stateville C.C., where Defendant Marcous was the warden, is located in the Northern District of Illinois. 28 U.S.C. § 93(b). Danville C.C., where Plaintiff's claims against Defendants Miller and Robbins arose, is in the Central District of Illinois. 28 U.S.C. § 93(b). The only claims which have any connection to the Southern District of Illinois are those against Defendant Shah (Pinckneyville C.C.) and Defendant Woods (Shawnee C.C.).

While each of the claims asserts that the respective Defendant was deliberately indifferent to Plaintiff's medical condition, the events giving rise to the claims occurred in different prisons and in different judicial districts. Neither Count 1 nor Count 2 has any connection to the Southern District of Illinois as the Defendants are not found within this District and the claims did not arise here. These claims are thus subject to severance and transfer to the appropriate judicial district. *See* 28 U.S.C. § 1404(a); FED. R. CIV. P. 21.

While Count 1 against Defendant Marcous is severable, the complete absence of factual allegations against this Defendant fails to provide any court with sufficient information to evaluate the merits of the deliberate indifference claim against him. Plaintiff states only that Defendant Marcous was the warden at Stateville and that his medical needs were dismissed. Therefore, rather than sever and transfer the claims against Defendant Marcous at this juncture, **Count 1** shall be dismissed from the action without prejudice.

**Count 2** against Defendants Miller and Robbins, however, contains more information about the conduct of those Defendants. Therefore, the Court shall sever the claims in **Count 2** into a separate case and shall transfer the severed case to the United States District Court for the Central District of Illinois for a merits review pursuant to 28 U.S.C. § 1915A.

**Counts 3 and 4** shall remain in the original action and shall be reviewed below. At this stage, these claims against Defendant Shah and Defendant Woods, respectively, shall stay together in this case. However, as the case proceeds, the Court may determine that further severance of these claims may be appropriate. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits).

## Count 3 – Defendant Shah

As the Court noted in the order dismissing the original Complaint (Doc. 7), an Eighth Amendment deliberate indifference claim has two elements. A plaintiff must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an

inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Plaintiff's pain, muscle spasms and numbness in his arms, legs and back suggest that he is suffering from a serious medical condition. Diabetes is also a serious condition. It is not clear whether or not Plaintiff's pain, numbness or spasms may be related to his diabetes. The Complaint, at this stage, satisfies the objective element of a deliberate indifference claim.

Plaintiff' allegations against Defendant Shah indicate that he informed this Shah about his pain and other problems. Defendant Shah recommended that Plaintiff lose weight in order to help with his diabetes, but he offered no treatment for Plaintiff's pain, numbness or muscle spasms. Plaintiff claims several times in the Amended Complaint that he should have been sent to a doctor outside the prison for evaluation and treatment. The fact that no such referral was ever made does not necessarily support a claim for deliberate indifference to Plaintiff's medical needs. Plaintiff cannot dictate his own treatment, *see Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997), and the Court cannot conclude at this juncture that a visit to an outside doctor or specialist was necessary. But Plaintiff's allegation that Defendant Shah ignored his symptoms of pain, numbness and muscle spasms suggest possible deliberate indifference to these problems. Accordingly, **Count 3** shall proceed for further review.

### Count 4 – Defendant Woods

Plaintiff complains that Defendant Woods refused to refer Plaintiff to the doctor until Plaintiff had first made three visits to the health care unit to seek treatment for his ailments. According to Plaintiff, his pain was so severe that at times, he could not leave his cell for meals. The Complaint suggests that Defendant Woods did not give Plaintiff any treatment for his pain and contributed to the delay in addressing his condition. Construing the Complaint liberally in Plaintiff's favor, Plaintiff's deliberate indifference claim is not subject to dismissal at this stage. Accordingly, **Count 4** shall also proceed for further review.

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 8) shall be referred to the United States Magistrate Judge for further consideration.

### Disposition

**COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **MARCOUS** is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's deliberate indifference claims in **COUNT 2**, against Danville Correctional Center **DEFENDANTS MILLER** and **ROBBINS**, are **SEVERED** into a new case.

In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order
(2) The First Amended Complaint (Docs. 9, 9-1)
(3) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2)

Plaintiff **will be responsible for an additional $350.00 filing fee** in the new case.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1404(a), and on the Court's own motion, the newly severed action containing **COUNT 2** is **TRANSFERRED** to the United States District Court for the Central District of Illinois, for a determination as to whether Plaintiff should be granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915, a review of the merits pursuant to 28 U.S.C. § 1915A, and such further proceedings as that court may deem appropriate. No summons shall issue in the severed action unless so directed by the transferee court.

**IT IS FURTHER ORDERED** that the <u>*only claims remaining in this action are COUNT 3 and COUNT 4 against Defendants SHAH and WOODS*</u>. This case shall now be captioned as: **CLEVELAND GARNER, Plaintiff, vs. VIPIN K. SHAH, and BLAKE WOODS, Defendants.**

**IT IS FURTHER ORDERED** that Defendants **MARY MILLER** and **M. ROBBINS** are **TERMINATED** from *this* action with prejudice.

As to **COUNTS 3 and 4**, which remain in the instant case, the Clerk of Court shall prepare for Defendants **SHAH** and **WOODS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 8).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: May 13, 2016**

s/ STACI M. YANDLE  
**United States District Judge**
