## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLEVELAND GARNER,          )
                                   )
                  Plaintiff,     )
                                   )
vs.                               )     Case No. 15-cv-900-SMY-RJD
                                   )
VIPIN K. SHAH,             )
                                   )
                  Defendant.   )

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Cleveland Garner, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983, alleging that his constitutional rights were violated when he was denied adequate medical treatment for muscle spasms and pain while at Stateville, Pinckneyville, Western Illinois, Danville, and Shawnee Correctional Centers. He now proceeds only against Defendant Dr. Vipin Shah on a deliberate indifference claim for his alleged failure to adequately treat Plaintiff's serious medical condition.

Now pending before the Court is Defendant's Motion for Summary Judgment (Doc. 37). Plaintiff filed a response (Doc. 40). In accordance with this Court's Order, Defendant filed a supplement to his Motion (Doc. 42); Plaintiff has not filed a supplemental response. For the following reasons, Defendant's Motion for Summary Judgment is **DENIED**.

## <u>Background</u>

Plaintiff Cleveland Garner was incarcerated at Pinckneyville Correctional Center ("Pinckneyville") from September 2012 until June 2013 (Deposition of Cleveland Gardner, Doc.

37-1 at 4). While at Pinckneyville, he saw Dr. Shah for treatment of his diabetes (*Id.* at 9).[1] Garner complained to Dr. Shah that he was experiencing chronic muscle pain and spasms (*Id.*). Dr. Shah instructed him to exercise and lose weight to manage his diabetes, but failed to address his complaints of muscle pain (*Id.* at 8-9).

According to Dr. Shah's Declaration, he only saw Garner on two occasions (October 2, 2012 and April 2, 2013) for the Hepatitis C clinic (Declaration of Vipin Shah, Doc. 37-2 at ¶¶ 5-6; *see* Garner's Medical Records, Doc. 37-2 at pp. 8, 14) and there is no record of Garner complaining about pain during these examinations (Doc. 37-2 at ¶ 7; *see* Doc. 37-2 at pp. 8, 14). Additionally, Dr. Shah maintains that a non-urgent issue such as muscle pain should be raised through the nursing sick call process because raising unrelated issues during clinic visits is not the appropriate way to have the issue addressed (Doc. 37-2 at ¶ 7).

## Discussion

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact

---

[1] Gardner's deposition testimony is unclear as to whether he saw Dr. Shah on one or two occasions: "Q: It looks to me like you saw him two times at Pinckneyville for diabetic clinic. Does that sound right to you? A: I seen him. I never knew that was him. I didn't know that was him, or I would have been talking to him. I knew I was suing him, so I would have been trying to talk to him, that I've been hurting, this, and this. I didn't I remember one time –" (Doc. 37-1 at 8).

exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the district Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

The Eighth Amendment protects inmates from cruel and unusual punishment. U.S. Const., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). As the Supreme Court has recognized, "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, an inmate must show that he suffered from a sufficiently serious medical condition (*i.e.*, an objective standard) and that the defendant exhibited deliberate indifference to that condition (*i.e.*, a subjective standard). *Id.*

A medical need is considered objectively serious, if it has either "been diagnosed by a physician as mandating treatment," is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention," significantly affects an individual's daily activities, or is associated with chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997); *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008).

With respect to the second element, an inmate must show that prison officials acted with a sufficiently culpable state of mind, namely, deliberate indifference. Negligence, gross negligence, or even recklessness will not suffice. *Id.* at 653; *Shockley v. Jones*, 823, F.2d 1068, 1072 (7th Cir. 1987). Rather, the plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. *Greeno*, 414 F.3d at 653. A plaintiff does not

have to prove that his complaints were "literally ignored," but only that "the defendants' responses were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes,* 546 F.3d at 524 (quoting *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)).

Dr. Shah first argues that summary judgment in his favor is warranted because Garner's condition does not present an objectively serious medical need. Dr. Shah relies on Garner's deposition testimony that he is still able to engage in his daily living activities. In particular, Garner testified that he likes to jog and run during yard time, and is able to walk to chow three times a day (Doc. 37-1 at 5-6).

Garner, however, also testified that his muscle spasms bother him more when he is relaxing or just sitting, and that his muscle pain and spasms were chronic (*Id.*). While an inmate's ability to perform activities of daily living is a factor to be considered in determining whether a serious medical need existed, it is not the only consideration. A jury may reasonably find that an inmate's condition satisfies the objective component of a deliberate indifference claim if the condition is associated with chronic and substantial pain.

Here, Garner describes his muscle pain as "muscle squishing" that "fe[lt] like burning," with the pain running through his arms and legs (Doc. 37-1 at 7, 9). He also asserts that he has suffered from this condition for approximately twenty years (*Id.* at 7). Again, viewing this evidence in Garner's favor as the Court is required to do in deciding the instant motion, the Court finds that a reasonable jury could conclude that he suffered from chronic and substantial pain, sufficient to constitute a serious medical need. *See Hayes*, 546 F.3d at 522-23.

Dr. Shah next argues that there is no basis for finding deliberate indifference as he only saw Garner on two occasions during regularly scheduled Hepatitis C clinics and Garner did not

complain about pain.  He also claims that Garner was aware of the nursing sick call process to receive treatment for his condition.  But Dr. Shah's argument is based on evidence that is clearly disputed.  Garner testified that he saw Dr. Shah for management of his diabetes and told him about his muscle pain and spams during these examinations – specifically, that he had "never felt like this before," with the pain running through his arms and legs (Doc. 37-1 at 9).

While the Eighth Amendment does not demand "specific care" or the "best care possible," it does require "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).  In other words, federal courts will not interfere with a doctor's decision to pursue a particular course of treatment unless that decision represents so significant a departure from accepted professional standards or practices that it calls into question whether the doctor actually was exercising his professional judgment.  *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citations omitted).

At this juncture, a material question of fact remains as to whether Dr. Shah exercised his professional judgment with regards to Garner.  There is no evidence that Dr. Shah addressed or attempted to treat Garner's muscle pain.  While the parties dispute whether Garner ever actually complained to Dr. Shah about muscle spasms and pain,  based on the evidence in the record, a reasonable jury could find Dr. Shah unnecessarily prolonged Garner's pain and suffering, thereby acting with deliberate indifference.   Accordingly, Dr. Shah's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  February 15, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**